## UNITED STATES of America, Plaintiff—Appellee,

v.

## Jose Alberto TOPETE–URREA, Defendant—Appellant.

### No. 04–50039.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 2004.*

Decided Sept. 23, 2004.

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, Esq., Federal Defender's of San Diego, Inc., for Defendant–Appellant.

Before: T.G. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Jose Alberto Topete–Urrea appeals the district court's denial of his motion to suppress marijuana seized during a border search of his truck. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on one of the grounds cited by the district court.

*United States v. Mayes* squarely controls.[1] Assuming for the sake of this disposition that Topete–Urrea's detention was an illegal arrest and that all factual disputes should be resolved in his favor, the arrest in no way tainted the search.[2] Topete–Urrea alleged nothing that even suggests that his arrest contributed to the finding of the marijuana in his truck and we find nothing in the record suggesting that it did. The district court found that the "block blitz" in force when Topete–Urrea approached the border mandated inspection of every vehicle and that, re-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 524 F.2d 803 (9th Cir.1975); *see also United States v. Nava,* 363 F.3d 942, 946 n. 2 (9th Cir.2004).

2. *Mayes,* 524 F.2d at 806.

gardless of the arrest, the inspection would have occurred.[3] Accordingly, we affirm.

AFFIRMED.

---

**3.** Due to this explicit finding by the district court, we need not remand. *See Murray v. United States*, 487 U.S. 533, 543, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) (remanding for factual determination where district court had not explicitly held that the search that revealed incriminating evidence was truly independent of earlier illegality).